# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### BECKLEY DIVISION

WAYNE ERVIN,

      Petitioner,

v.                                Case No. 5:23-cv-00457

W. HOLZAPFEL, Warden,
FCI Beckley,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On  April 13, 2023, Petitioner, an inmate then housed at FCI Beckley, in Beaver, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") in the United States District Court for the Southern District of Indiana ("Indiana District Court"), where the sentence at issue here was imposed.  (ECF No. 1). On June 28, 2023, the Indiana District Court transferred the matter to this Court.

Petitioner subsequently paid the applicable $5.00 filing fee.  (ECF No. 14).  This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is currently serving a 180-month term of imprisonment imposed by the Indiana District Court, following his conviction on one count of possession with intent to

distribute 500 grams or more of methamphetamine and one count of felon in possession of a firearm and ammunition.  Judgement, *United States v. Ervin*, No. 1:19-cr-00110 (S.D. Ind. Aug. 5, 2020).  (ECF No. 18, Ex. 1, Attach. G).  Petitioner's section 2241 petition documents (ECF Nos. 1 & 2) claim that he is entitled to prior federal sentencing credit beginning on August 5, 2020, when he was sentenced by the Indiana District Court, and requests a recalculation of his federal sentence and projected release date, which is currently listed on the Federal Bureau of Prisons ("BOP") website as December 18, 2032 (accounting for application of good conduct time ("GCT") and First Step Act ("FSA") credit).  *See* https://www.bop.gov/inmateloc/.  An explanation of the procedural history of Petitioner's prior criminal cases will be helpful.

Upon review of the documents in this Court's record or publicly available to this Court,[1] it appears that Petitioner was previously arrested by Indiana state officials in May of 2015 on theft and fraud charges in Marion County, Indiana Case No. 49G01-1507-F5-024751.  (ECF No. 18, Ex. 1, Attach. C, at 10; *see also* Court's Ex. 1 & 2).  It further appears that, on July 5, 2016, Petitioner was placed on 1092 days (3 years minus three days of custody credit) of probation for those charges, which could terminate once he paid his owed restitution in full.  (*See* Court's Ex. 2).

---

[1] Petitioner has been charged and convicted of several felony offenses in the State of Indiana (as well as other misdemeanor offenses and citations that are not relevant here).  As exhibits to his response, Respondent has provided portions of several of the docket sheets and specific orders from Petitioner's case records.  However, the undersigned has reviewed all of Petitioner's Indiana case records and has determined that additional records from the following cases are helpful to presenting a complete picture of how Petitioner's sentences are to be run.  Accordingly, the undersigned takes judicial notice of the following case records, which are attached hereto as Court's Exhibits:  (1) the complete docket sheet from Case No. 49G01-1507-F5-024751 (Marion Sup. Ct.) (attached as Court's Ex. 1); (2) a Sentencing Order dated 7/5/16 from Case No. 49G01-1507-F5-024751 (Marion Sup. Ct.) (attached as Court's Ex. 2); (3) the complete docket sheet from Case No. 49G09-1804-F6-011383 (Marion Sup. Ct.) (attached as Court's Ex. 3); (4) a Sentencing Order dated 12/18/18 in Case No. 49G09-1804-F6-011383 (attached as Court's Ex. 4); (5) the complete docket sheet for Case No. 49G21-1811-F2-041392 (Marion Sup, Ct.) (attached as Court's Ex. 5); and (6) the complete docket sheet for Case No. 29D05-1901-F6-000343 (Hamilton Sup. Ct.) (attached as Court's Ex. 6).

However, on or about April 7, 2018, while serving that term of probation, Petitioner committed the offenses that served as the basis for Marion County, Indiana Case No. 49G09-1804-F6-011383, concerning resisting law enforcement using a vehicle and driving on a suspended license. (*See* Court's Ex. 3). It appears that Petitioner was released on bond on those charges on or about April 11, 2018, but was held in custody on charged violations of his probation in Case No. 49G01-1507-F5-024751, for which he was then released to "Community Corrections" with home detention and GPS monitoring as a condition of his probation on or about April 19, 2018. (ECF No. 18, Ex. 1, Attach. C, at 11; *see also* Court's Ex. 1).

Then, on November 21, 2018, Petitioner was arrested by Marion County, Indiana officials on Marion County Case No. 49G21-1811-F2-041392, charging him with various state drug offenses and escape related to his home detention. (ECF No. 18, Ex. 1, Attach. B & C; *see also* Court's Ex. 5). On November 22, 2018, a Violation of Petitioner's Marion County Community Corrections placement was also filed, and he was re-booked on Marion County Case No. 49G21-1507-F5-024751. (ECF No. 18, Ex. 1, Attach. B & C; *see also* Court's Ex. 1). Thus, at that time, Petitioner was in state custody on the charges in both Case Nos. 49G21-1811-F2-041392 and 49G21-1507-F5-024751.

At a hearing on December 18, 2018, Petitioner pled guilty to the resisting law enforcement charge in Marion County Case No. 49G09-1804-F6-011383 and was sentenced to 910 days, with 180 days suspended as probation and 730 days to be served in Community Corrections. (*Id.*, Ex. 1, Attach. B, at 8; *see also* Court's Ex. 3 & 4). The driving on a suspended license charge was dismissed. (*Id.*) However, Petitioner remained in state pre-trial custody on the drug and escape charges in Case No. 49 G21-

3

1811-F2-041392 and the Community Corrections violations in Case No. 49G21-1507-F5-024751.  Therefore, the State of Indiana maintained primary jurisdiction.

On January 4, 2019, a federal criminal complaint was filed in the Indiana District Court in Case No. 1:19-cr-00110, charging Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 18, Ex. 1, Attach. D, at 19).  According to the criminal complaint, the firearm and ammunition in question appear to have been discovered during the November 21, 2018 search of the premises leading to the discovery of drugs that were the subject of Petitioner's state charges in Case No. 49G21-1811-F2-041392.  On January 9, 2019, the state drug and escape charges in Case No. 49G21-1811-F2-041392 were dismissed.  (*See* Court's Ex. 5).  Again, however, Petitioner remained in state custody on his pending violations in Case No. 49G21-1507-F5-024751.

On January 15, 2019, Petitioner was charged with additional fraud charges in Hamilton County, Indiana Superior Court Case No. 29D05-1901-F6-000343, based upon conduct that allegedly occurred on June 26, 2018.  (ECF No. 18, Ex. 1, Attach. J; *see also* Court's Ex. 6).  However, he remained in Marion County custody at that time.

On January 24, 2019, Petitioner was borrowed from the custody of the Marion County, Indiana Sheriff's Department, pursuant to a federal writ of habeas corpus *ad prosequendum* ("writ"), by the United States Marshals Service ("USMS"), on the pending § 922(g)(1) felon in possession complaint.  (ECF No. 18, Ex. 1, Attachs. B, E, & F).  He was subsequently indicted in the Indiana District Court on the same § 922(g)(1) charge, as well as one count of possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  *United States v. Ervin*, No. 1:19-cr-00110, ECF No. 18 (S.D. Ind. Apr. 2, 2019).  Again, it appears that these

federal charges arose out of some of the same underlying facts as those upon which Petitioner's dismissed state charges in Case No. 49G21-1811-F2-041392 were based.

On August 5, 2020, while still in USMS custody on the writ, Petitioner was sentenced in the Indiana District Court to the 180-month federal sentence he is now serving. (ECF No. 18, Ex. 1, Attach. G, at 31-33). However, the federal judgment was silent regarding how it would run respective to any other sentence. (*Id.*) On August 24, 2020, Petitioner was released from the temporary federal writ and returned to Indiana state custody, and his federal judgment was lodged as a detainer. (ECF No. 18, Ex. 1, Attach. F).

On October 26, 2020, while in Indiana state custody, Petitioner's Community Corrections probation in Marion County Case No. 49G09-1804-F6-011383 was revoked and he was sentenced to 80 days of confinement, with credit for 40 days in custody. (ECF No. 18, Ex. 1, Attach. H; *see also* Court's Ex. 3). On January 11, 2021, Petitioner was sentenced to time served on his probation violation in Marion County Case No. 49G01-1507-F5-024751. (ECF No. 18, Ex. 1, Attach. I, at 38-39; *see also* Court's Ex. 1). On January 26, 2021, Petitioner was released by the Marion County, Indiana Sheriff's Department to custody of the Hamilton County, Indiana Sheriff's Department on the state fraud charges in Hamilton County Case No. 29D05-1901-F6-000343. (ECF No. 18, Ex. 1, Attach. J; *see also* Court's Ex. 6).

On March 22, 2021, Petitioner was sentenced to 180 days in the Indiana Department of Corrections on the Hamilton County charges, with 112 days executed and 68 days suspended. (*Id.*) He also received 56 days of credit for time already served on that charge (January 26, 2021, through March 22, 2021). (*Id.*) Petitioner completed the sentence for Hamilton County Case No. 29D05-1901-F6-000343 on March 22, 2021, but

remained in custody on his federal detainer. (*Id.*) Thus, the BOP calculated his federal sentence beginning on March 22, 2021. (ECF No. 18, Ex. 1, Attach. K).

On April 13, 2023, Petitioner filed the instant § 2241 petition (ECF No. 1) and Memorandum in Support (ECF No. 2), asserting that the BOP erred in calculating his projected release date. Specifically, his memorandum contends:

> While Mr. Ervin was held for the federal charges, and was finally sentenced on August 5, 2020, he went on a state writ to resolve his probation matter. Subsequently, the court found Mr. Ervin in violation of his state probation by picking up the federal case and sentenced him to zero days time served which reflects the judge's consideration for Mr. Ervin's long federal sentence of 180 months. Because the record reflects a zeroed out sentence to be ran consecutive to Mr. Ervin's federal sentence, this ultimately means that Mr. Ervin's custody from the date of the instant offense (November 21, 2018) to the day that he was brought in on the state writ (August 24, 2020) must be calculated into his federal time credit. Additionally, the day Mr. Ervin's state writ concluded (February 6, 2021), Mr. Ervin's federal time credit would have to continue and be calculated into his projected release date. As of current, the release date is off by approximately two years.
>
> Essentially, Mr. Ervin's state sentence should not interfere with the days emphasized and in question because his state sentence of zero (time served) did not overlap those days and was effectively ordered by the presiding state judge to be ran consecutively to his federal state [sic]. Simply put, all the days that Mr. Ervin spent in custody outside the time from of [sic] the state writ must be continued towards Mr. Ervin's federal jail credit.

(ECF No. 2 at 1-2). Petitioner's brief further suggests that his November 21, 2018 arrest was for his federal offenses. (*Id.* at 1). Thus, it appears that he is contending that he was in primary federal custody at that time. Although his brief states that his projected release date was January 1, 2034, according to the BOP website, it is currently set on December 18, 2032. As explained above, Petitioner's current projected release date accounts for additional GCT and FSA credit since briefing concluded herein.

On October 6, 2023, Respondent filed a Response to Order to Show Cause asserting that Petitioner failed to exhaust available administrative remedies as required

before filing his petition, and further contending that his sentence was correctly calculated, entitling him to no further relief. (ECF No. 18). Petitioner did not file a reply as ordered. This matter is ripe for review.

## ANALYSIS

**A.    Failure to exhaust administrative remedies.**

Under 28 C.F.R. § 542.10 *et seq.*, the BOP has established a four-level administrative remedy process through which an inmate may seek review of an issue or complaint relating to his confinement. An inmate is not deemed to have exhausted his administrative remedies until he has appealed and received a response at all levels. *Id.* An inmate's administrative remedy filing history is available for review through SENTRY via an "Administrative Remedy Generalized Retrieval" form.

"Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); *see also United States v. Odiana*, 7 F.3d 227 (4th Cir. 1993) (per curiam) (unpublished table opinion) (noting that administrative exhaustion required prior to filing § 2241); *United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (per curiam) (dismissing § 2241 petition for failure to exhaust BOP's administrative remedies); *Woltz v. Ziegler*, No. 5:12–0238, 2012 WL 1599916, at *3 (S.D.W. Va. Mar. 23, 2012) ("Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under Section 2241." (internal citations omitted)), *report and recommendation adopted*, 2012 WL 1599894, at *1 (S.D.W. Va. May 7, 2012).

Review of the Declaration of Tiffany Farmer, a Correspondence Specialist at the BOP's Designation and Sentence Computation Center, and the attached SENTRY records

show that, at the time of Respondent's filing, Petitioner had not filed <u>any</u> administrative remedies with the BOP.  (ECF No. 18, Ex. 1 at 4, ¶ 20 and Attach. L).  Thus, Respondent contends that Petitioner's § 2241 petition must be dismissed for failure to exhaust the required administrative remedies.  (ECF No. 18 at 6).  Petitioner did not dispute this contention.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner failed to exhaust the available and required administrative remedies and that his § 2241 petition should be dismissed on that basis alone.  However, even if the District Court were to excuse Petitioner's failure to exhaust his administrative remedies, his claim for relief lacks merit and, thus, the petition should be dismissed on that basis as well.

**B.     Petitioner's sentencing credit has been properly applied.**

Following the imposition of a sentence by a federal court, the BOP is charged with calculating and administering the offender's sentence, including the application of prior custody credit and good conduct time.  *United States v. Wilson*, 503 U.S. 329, 334-335 (1992); 18 U.S.C. § 3621(a).  The statutory basis for the commencement of a federal sentence is found in 18 U.S.C. § 3585(a), which provides that "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  (ECF No. 18 at 6).  Furthermore, section 3585(b) of Title 18 generally prohibits a defendant from receiving double credit for detention time.  (*Id.* at 9).

Thus, prior custody credit generally cannot be granted if the prisoner has already received credit toward another sentence.  *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Brown*, 977 F.2d 574 (4th Cir. 1992) (defendant may receive

8

credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence); *United States v. Goulden*, 54 F.3d 774 (4th Cir. 1995) (credit is only available for time spent in custody which has not been credited against another sentence).  Additionally, pursuant to 18 U.S.C. § 3584(a), when multiple terms of imprisonment are imposed at different times, such terms are deemed to run consecutively unless the court orders that such terms are to run concurrently.  *See* 18 U.S.C. § 3584(a).  (*Id.* at 8).

Where a defendant has both state and federal sentences, the order in which the sentences are served is governed by the principle of primary jurisdiction, which is best explained in *United States v. Smith*:

> In the context of successive criminal prosecutions by different sovereignties this "chief rule which preserves our two systems of courts from actual conflict of jurisdiction" means that **the sovereignty which first arrests the individual acquires the right to prior and exclusive jurisdiction over him**, . . . and this plenary jurisdiction is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of that first sovereignty . . . .

812 F. Supp. 368, 371 (E.D.N.Y. 1993) (quoting *In re Liberatore*, 574 F.2d 78 (2d Cir. 1978)) (emphasis added).  (ECF No. 18 at 7).

As noted by Respondent, primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of charges, bail release, parole release, or satisfaction of sentence.  *See Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996) ("Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of sentence.").  (ECF No. 18 at 7); *see also Carter v. Felts*, No. 5:05-cv-00708, 2008 WL 3457032 *6 (S.D.W.

Va. Aug. 11, 2008) ("When a federal court imposes sentence upon a defendant already in State custody . . . the principles of comity and primary jurisdiction dictate that the federal sentence does not commence until the State relinquishes its jurisdiction.") (internal citations omitted); *Rose v. Williams*, No. 3:16-cv-31, 2016 WL 8115663 *5 (N.D.W. Va. Dec. 28, 2016). Furthermore, "borrowing" a prisoner on a writ of habeas corpus *ad prosequendum* does not alter primary jurisdiction. *See United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus *ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation."); *Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992) (a prisoner is not in custody when he appears in court pursuant to a writ *ad prosequendum*; he is merely on loan); *Restituyo-Garcia v. Coakley*, No. 5:16-cv-07323, 2017 WL 764867 *3 (S.D.W. Va. Jan. 31, 2017). (*Id.*)

It is well-settled, however, that, under § 3585, "conditions of release are not custody" and "'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." *United States v. Insley*, 927 F.2d 185, 186 (4th Cir. 1991) (quotation and citation omitted). Thus, it stands to reason that the State of Indiana relinquished primary jurisdiction when it released Petitioner on his Community Corrections probation, even when he was held on home detention. *See, e.g., Williams v. United States*, No. 5:10-HC-2006-D, 2011 WL 4828885, at *4 (E.D.N.C. Oct. 11, 2011) (Dever, C.J.) (unpublished) (denying request for time credit for period spent on home detention and suggesting such release could relinquish primary jurisdiction). However, in Petitioner's case, after

10

November 21, 2018, Petitioner remained in primary state custody on his new criminal charges in Case No. 49G21-1811-F2-041392 and his Community Corrections probation violations in Case No. 49G01-1507-F5-024751, both of which were lodged prior to the filing of Petitioner's federal charges and his being taken into USMS custody.

Thus, as aptly noted by Respondent, the State of Indiana had primary jurisdiction until March 22, 2021, and all that time was credited to Petitioner's various state sentences.[2]   Thus, Respondent correctly asserts that "Petitioner's federal sentence commenced on March 22, 2021, the day he completed his Hamilton County, Indiana state sentence in Case #29D05-1901-F6-00343." (ECF No. 18 at 6).

Moreover, Petitioner is not entitled to a *nunc pro tunc* designation.  While 18 U.S.C. § 3621(b) gives the BOP the authority to "designate the place of [a] prisoner's imprisonment," such designation is not mandatory.  *See Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990) (noting the BOP must only give consideration to a prisoner's request for a *nunc pro tunc* designation); *McCollough v. O'Brien*, No. 7:06-cv-00712, 2007 WL 2029308, at *2 (W.D. Va. July 10, 2007) (providing § 3621(b) does not impose any obligation on the BOP to grant *nunc pro tunc* designation); *see also* BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence (Jan. 16, 2003) at 6, https://www.bop.gov/policy/progstat/5160_005.pdf ("[T]here is no obligation under *Barden* for the [BOP] to grant the request by designating a state institution retroactively as the place to serve the federal sentence."). (ECF No. 18 at 8). As noted by Respondent, "only where the BOP has decided a *nunc pro tunc* designation under § 3621(b) is appropriate may a prisoner's federal sentence commence before his

---

[2] As noted above, however, Petitioner's federal sentence was credited for the 14-day period between January 12, 2021 and January 25, 2021, as that time was not applied to any of his state sentences.  (ECF No. 18 at 10).

arrival at a federal facility." *See United States v. Evans*, 159 F.3d 908, 911-12 (4th Cir. 1998) (noting a federal sentence may commence with respect to a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence"). (*Id.*)

As further correctly noted by Respondent, when a defendant is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. *See* 18 U.S.C. § 3584(a). Additionally, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Id.* According to BOP Program Statement 5160.05, "Federal judges have the authority to order a federal term of imprisonment to run consecutively to or concurrently with any other sentence. When there is a previously imposed sentence (federal or non-federal) in existence at the time of federal sentencing, and the federal judge does not state whether multiple terms of imprisonment are to run consecutively to or concurrently with one another, the sentences run consecutively (see 18 U.S.C. § 3584)." PS 5160.05, Designation of State Institution for Service of Federal Sentence (Jan. 16, 2003), available at https://www.bop.gov/ policy/progstat/5160_005.pdf. (ECF No. 8 at 6-7).

Here, the Indiana District Court's judgment was silent as to how the federal sentence should run as compared to his state court sentences.[3] Thus, as noted above, the sentences are deemed to run consecutively, with the state court sentences running first,

---

[3] Further review of Petitioner's federal criminal docket sheet in the Indiana District Court indicates that the BOP later inquired of the sentencing judge seeking guidance on how the federal sentence should run with respect to the state sentences. Letter to The Honorable James Patrick Hanlon, Case No. 1:19-cr-00110, ECF No. 51-1 (S.D. Ind. Aug. 22, 2023) (attached hereto as "Court's Ex. 7"). However, Judge Hanlon declined to take a position on how those sentences should be run. (*Id.*, ECF No. 53) (attached hereto as Court's Ex. 8").

due to Petitioner being in primary state custody.  Thus, Petitioner has not demonstrated that his sentence calculation is improper or violative of federal law.

## **RECOMMENDATION**

The undersigned proposes that the presiding District Judge **FIND** (1) that the State of Indiana had primary jurisdiction over Petitioner because he was initially arrested by state authorities; (2) that such primary jurisdiction was not relinquished during the time Petitioner was on loan to federal authorities; and (3) that the state retained its primary jurisdiction until March 22, 2021, when Petitioner finished serving all of his state sentences and entered primary federal custody for service of his federal sentence.  The undersigned further proposes that the presiding District Judge **FIND** that Petitioner received all prior custody credit to which he was due under 18 U.S.C. § 3585 and he has not demonstrated that he is entitled to a *nunc pro tunc* designation.

Petitioner bears the burden of demonstrating that he is in custody in violation of the Constitution or laws of the United States and he has not met that burden herein. *See* 28 U.S.C. § 2241(c)(3).  Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

"Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner, and to transmit a copy to counsel of record.

April 9, 2026

Dwane L. Tinsley
United States Magistrate Judge

14